# EXHIBIT A

| | |
|---|---|
| Starkey Laboratories, Inc.*,* | Case File No. 0:25-cv-02737 (SRN/DJF) |
| Plaintiff, | |
| v. | **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT** |
| Phetsamone Saykeo, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiff Starkey Laboratories, Inc. ("Plaintiff" or "Starkey") requests that Defendant Phetsamone Saykeo ("Defendant" or "Saykeo") responds to each of the following First Set of Discovery Requests (the "Requests") within seven (7) days of service. In accordance with the Federal Rules of Civil Procedure, these Requests are continuing. Should Defendant obtain any other documents or information that supplements or modifies the documents or information supplied in response to these Requests, Rule 26(e) requires that Defendant give Plaintiff timely notice of such documents or information and furnish the additional documents to Plaintiff.

## **DEFINITIONS**

As used in these Requests, the following words have the meanings ascribed to them below:

1.      "You," "Your," "Yours," "Defendant," and "Saykeo" means Defendant Phetsamone Saykeo, and all persons acting on his behalf.

2.     "Person" means natural person, corporation, partnership, association, government or government agency, proprietorship, joint venture, trust, estate, and all other forms of legal entity.

3.     "Representative" means agent, attorney, and all other persons acting, or purporting to act, on behalf of the designated person.

4.     The phrases "relates to," "related to," and "relating to" mean evidence, reflect, constitute, refer to, contradict, support, or in any other way logically or factually connected to the matter discussed.

5.     "Communication" or "Communicate" means any transmission of words or thoughts between or among two or more persons regardless of the means or format of the transmission.

6.     "Complaint" means the Complaint filed by Plaintiff on June 30, 2025 against Defendant in the United States District Court for the District of Minnesota, Case File No. 0:25-cv-02737.

7.     "Document" means the original and non-identical copies or reproductions of any written, printed, typed, or recorded matter of any kind known to You or in Your possession, custody, or control, including but not limited to:

> a.     all letters, correspondence, memoranda, telegrams, writings, instructions, calendars, desk books, records, reports, charts, studies, surveys, speeches, pamphlets, notes, drafts, proposals, minutes of meetings, microfiche, microfilm, drawings, audiotapes, audio-visual tapes, books, papers, computations, tabulations, accounting records,

inter-office and intra-office communications, electronic mail communications, text messages, instant message, schedules, lists, specifications, ledgers, journals, diaries, checks, records, recordings or memoranda of conversations or any other written, printed, typewritten or other graphic or photographic matter or tangible thing on which any words or phrases are affixed, all mechanical, electronic sound or video records or transcripts thereof, all magnetic records or matter existing in any other machine-readable form, however produced or reproduced, tape or other voice records of conferences, telephone conversations, or other communications and drafts of any of the foregoing; and

b.    computer software, files, disks, diskettes, and tapes, and any hard copies of the information stored thereon.

It also includes copies of such Documents upon which appear any initialing, notation, or handwriting of any kind not appearing on the original, whether such Documents were prepared by Your agents or representatives for their own use or for transmittal in any manner, or whether such Documents were received by Your agents or representatives. The term applies to Documents wherever located, whether in the files of Your agents or representatives or in any file whatsoever in the possession, direction, or control of You, Your agents, representatives, or any other person retained by You.

8.    "Identify":

a)     in the case of a natural person, means to state his or her full name (or if not known, provide a sufficient description such that he or she will be identifiable to the recipients of your answer), present or last known home and employment address, present or last known title or position, and business affiliation;

b)     in the case of a person other than a natural person (including a financial institution), its name, the address of its principal place of business, its telephone number, and, if applicable, the natural person who is your primary contact at that entity;

c)     in the case of a communication, means to: (a) state its date; (b) type (e.g., telephone conversation, letter, or meeting); (c) the place where it occurred; (d) the identity of the person who made the communication; (e) the identity of each person who received the communication or who was present when it was made; and (f) the subject matter discussed.

d)     in the case of a document, means to: (a) state the type of document (e.g., memorandum, e-mail, letter, etc.); (b) set forth its date; (c) identify the author (and if different, the originator and signer); (d) set forth the title, heading or other designation, numerical or otherwise, of the document; (e) identify the person(s) (or if widely distributed, set forth the organization of classes of persons) to whom the document was sent and/or the person(s) who received the document; (f) set forth the present or last known location of the document; and (g) describe and set forth the substance of the document.  Alternatively, you may identify the document by Bates number, if produced.

9.     "Starkey Information" means all non-public information, documents, records, files, or data obtained, copied or taken from Plaintiff or from any of its computers,

servers, databases, networks, or systems (whether in writing or not), including without limitation any and all information, documents, files, or data copied or downloaded by Defendant from Plaintiff's computers, servers, databases, or systems. For the sake of clarity, this definition includes but is not limited to Windchill document number 0023811, also named "37094D900_e.pdf", and any trade secrets, proprietary or confidential information of Starkey held by defendant's mental impressions or memory committed to physical from.

10.    "Relate to," "related to," or "relating to" means discuss, describe, refer to, forecast, reflect, contain, analyze, study, report on, comment on, evidence, constitute, set forth, consider, recommend, concern, or pertain to, in whole or in part.

11.    The term "describe in detail" means to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of law, and to describe with reference to particular time, place, and manner.

## INSTRUCTIONS

1.    Unless otherwise specified or the context otherwise indicates, the following discovery requires responses for the period beginning January 1, 2019 and continuing forward to the present day.

1.    These Requests and Interrogatories call for the production of all responsive documents and information within your possession, custody, or control, without regard to the physical location of the documents or information, without regard to whether they were prepared by you or for you, and without regard to whether such documents are held by your current or former employees, including, but not limited to, in-house IT specialists

and technicians or IT specialists and technicians to whom you have outsourced services. To the extent that documents responsive to these Requests or Interrogatories once were, but no longer are, in your possession, custody, or control, these Requests or Interrogatories require the production of all existing indices, lists, or documents in your possession, custody, or control which reflect the transfer or destruction of, or references to, such documents.

2.      The singular form of a noun or pronoun includes its plural form, and vice-versa.

3.      To the extent that a word or phrase is not included in the "Definitions" section, *infra*, such word or phrase shall be defined by using the definition found in the most recent edition of *Black's Law Dictionary*, and if the word or phrase is not found in *Black's Law Dictionary*, the most recent edition of *Webster's New World Dictionary*.

4.      If any portion of any document is responsive to any Request or Interrogatory, then the entire document must be produced.

5.      Any electronically stored information should be produced as follows:

a.      Electronically-stored information derived from email and other electronically created files, such as Microsoft Office files, will be produced as either (a) Bates-labeled single page TIFF images or (b) in native format for those files as described in section 6.c below, and therefore require production in native format, such as excel or multimedia files. For such documents, the file format associated with the original creating application must be the native format in which

the documents are produced.  Further specifications relating to the format of documents and ESI is set forth in the attached **Addendum**.

b.　　Documents will be produced as consecutively Bates-numbered images. The Bates-number endorsement must be proceeded by a source identifying prefix (example: DEF0000001), and will not contain any blank spaces, dashes, or underscores, and will also be zero padded as shown in the example above. The parties are also required to maintain, capture, and provide all Parent/Child/Attachment relationships for e-mails produced. Documents produced pursuant to these Requests shall be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged.

c.　　Electronically-stored information without pagination, such as spreadsheets, multimedia files, or desktop databases, will be produced in native format, with image slipsheets. Native productions must include all available ESI metadata fields set forth in the **Addendum** in the load file accompanying the production. The Parties will make reasonable efforts to ensure that documents produced in native form are decrypted (or that passwords are supplied), but the Parties have no duty to identify encrypted documents prior to production.

d.　　Web pages and social media data, not subject to Sections 6.a, 6.b, or 6.c may be produced as (a) "screenshots" or "screen captures" in a manner that meets the specifications in the **Addendum**.

e.　　In scanning original documents that exist in hard copy, the Parties will use best efforts to ensure that distinct documents are not merged into a single

record, and single documents are not split into multiple records (i.e., paper documents should be logically unitized). By way of example, a binder containing several separate documents behind numbered tabs, the document behind each tab will be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document.

    f.  A Party is only required to produce a single copy of a responsive document. Parties may de-duplicate ESI, such as email and Microsoft Office files. ESI that is not an exact duplicate may not be removed. The "ALLCUSTODIANS" field should be utilized for identical documents collected from multiple custodians if only one copy of such document(s) will be produced.

    6.  The following Requests are continuing in nature. If you become aware of or acquire possession, custody, or control of additional documents or information responsive to any of these Requests and Interrogatories, you are required to promptly produce those additional documents.

    7.  If you withhold any documents or materials responsive to the Requests or Interrogatories based on a claim of privilege, produce a privilege log that identifies the document(s) by Bates-number and describes the basis or bases for each claim of privilege and, for any document(s) withheld based on a claim of privilege, include:

    a.  A description of the document's type (*e.g.*, e-mail, memorandum, etc.);

b. The name and title of the document's author (and, if different, the document's preparer and/or signatory);

c. The name and title of any person to whom the document was addressed;

d. The name and title of any person to whom the document or a copy or draft of the document was sent or to whom the document or a copy, or any part thereof, was shown;

e. The date of the document;

f. A brief description of the document's subject matter, including the subject matter of any attachments to the document; and

g. The Request to which the document is responsive.

8. If you do not produce a document or information otherwise responsive to any of these Requests or Interrogatories because the document has been destroyed, lost, or otherwise discarded:

a. Identify the document by type, date, and title;

b. Identify the person who last had custody or control of the document;

c. Identify the date on which the document was destroyed, lost, or discarded, or the date on which you discovered the document was destroyed, lost, or discarded;

d. If the document was destroyed, state why the document was destroyed and identify the person who destroyed the document;

e.      If the document was lost, describe the circumstances under which you discovered the loss, identify the date the document was last seen or otherwise accounted for, and identify the person who discovered its loss and who last saw or otherwise accounted for the document;

f.      Identify any person who has knowledge of the destruction or loss of the document, and provide a brief but complete statement of the knowledge you believe each such person has;

g.      Identify any person who has knowledge of the contents of each lost or destroyed document, and provide a brief but complete statement of the knowledge you believe each person has; and

h.      Produce any existing indices, lists, or other documents in your possession, custody, or control that reflect the existence of any such destroyed, lost, or discarded document, and/or any such document's destruction or transfer.

2.      In responding to any Requests that call for information relating to "any person" or "each person," include information or documents relating to You, if applicable.

3.      Plaintiff will object to any attempt by Defendant to introduce any Document or evidence responsive to these Requests that You do not disclose prior to the close of discovery.

**FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** If You contend that You did not violate the Defend Trade Secrets Act, 18 U.S.C. § 1836, including by improperly obtaining Starkey Information without authorization, or using or disclosing such information to assist,

provide to, develop, or operate Chromatic, state the complete factual and legal bases for Your contention, including by identifying all documents that support or refute Your contention.

**INTERROGATORY NO. 2:** If You contend that You did not materially breach Section 2 of Your Confidentiality and Noncompete Agreement with Starkey, including by improperly obtaining, using, or disclosing Starkey Information, state the complete factual and legal bases for Your contention, including by identifying all documents that support or refute Your contention.

**INTERROGATORY NO. 3:** If You contend that You did not materially breach Section 3 of Your Confidentiality and Noncompete Agreement with Starkey, including by improperly retaining, failing to deliver to Starkey, obtaining, using, or disclosing Starkey Information, state the complete factual and legal bases for Your contention, including by identifying all documents that support or refute Your contention.

**INTERROGATORY NO. 4:** If You contend that You did not materially breach Section 4 of Your Confidentiality and Noncompete Agreement with Starkey, including by accepting employment with or rendering services (indirectly or directly) to any person or entity in connection with the design, development, manufacture, marketing, or sale of hearing aids or hearing aid accessories, including Chromatic, Inc., state the complete factual and legal bases for Your contention, including by identifying all documents that support or refute Your contention.

**INTERROGATORY NO. 5:** For each person to whom you have communicated Starkey Information outside of Starkey's information technology platform (including

Starkey Outlook), on any platform, including personal email, social media, or text messages, since Jan. 1, 2019:

> (a) Identify the person;

> (b) State the date of such communication;

> (c) Describe how the communication was made (i.e., email, internet post, US Mail, etc.);

> (d) Describe the Starkey Information that was communicated;

> (e) Identify each communication between you and the recipient; and

> (f) Describe all steps you have taken with respect to such communication to ensure compliance with Your legal obligations with respect to such Starkey Information.

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** All documents You identified, or should have identified, in Your responses to the above interrogatories.

**REQUEST NO. 2:** All documents relating to, referring to, or reflecting the communication of Starkey Information by You outside of Starkey's information technology platform (including Starkey Outlook) from January 1, 2019 to present.

**REQUEST NO. 3:** All communications between You and any and all third parties relating to the communication of Starkey Information outside of Starkey's information technology platform (including Starkey Outlook) from January 1, 2019 to present.

**REQUEST NO. 4:** All non-privileged documents containing or reflecting communications with third parties regarding the subject matter of this Action.

**REQUEST NO. 5:** All documents relating to any discussion regarding potential employment or offer of employment made to You by Chromatic, Inc. or Your acceptance of any offer of employment by Chromatic, Inc.

**REQUEST NO. 6:** All documents relating to any offer of employment made to You by any person or entity in connection with the design, development, manufacture, marketing, or sale of hearing aids or hearing aid accessories or Your acceptance of any offer of employment by any person or entity in connection with the design, development, manufacture, marketing, or sale of hearing aids or hearing aid accessories.

**REQUEST NO. 7:** All copies of any and all Starkey Information, including but not limited to, Windchill document number 0023811, also named "37094D900_e.pdf" in Your possession, custody, or control.

DATED: <u>July 2, 2025</u>                              **MADEL PA**

By: <u>*s/ Cassandra B. Merrick*</u>
    Christopher W. Madel (#230297)
    Jennifer M. Robbins (#387745)
    Cassandra B. Merrick (#396372)
    800 Hennepin Avenue
    800 Pence Building
    Minneapolis, MN 55403
    T: 612-605-0630
    cmadel@madellaw.com
    jmrobbins@madellaw.com
    cmerrick@madellaw.com

    *Attorneys for Plaintiff Starkey*
    *Laboratories, Inc.*