UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Starkey Laboratories, Inc. | Court File No. 25-cv-2737 (SRN/DJF) |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** |
| Phetsamone Saykeo, | |
| Defendant. | |

---

Cassandra B. Merrick, Christopher W. Madel, and Jennifer M. Robbins, Madel PA, 800 Hennepin Ave., Ste. 800, Minneapolis, MN 55403, for Plaintiff Starkey Laboratories, Inc.

_____

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Plaintiff Starkey Laboratories, Inc.'s ("Starkey's") Motion for Expedited Discovery [Doc. No. 23].  A hearing on this motion was held on July 7, 2025. Christopher Madel and Cassandra Merrick, counsel for Starkey, appeared at the hearing, as well as Starkey's in-house counsel, Mr. Cook and Ms. Pounds.  Defendant Phetsamone Saykeo, who is currently unrepresented, but is seeking counsel, also appeared and did not oppose Starkey's Motion for Expedited Discovery.  For the reasons set forth below, Starkey's motion is granted.

Starkey filed the Complaint [Doc. No. 1] in this matter on June 30, 2025, asserting three claims against its former employee, Mr. Saykeo, including the misappropriation of trade secrets.  It seeks injunctive relief and money damages.  The following day, Starkey filed its Motion for a Temporary Restraining Order [Doc. No. 5].  Because it anticipates

1

filing a motion for a preliminary injunction, Starkey filed the instant Motion for Expedited Discovery. Starkey contends that limited expedited discovery is necessary to inform the relevant issues and the scope of relief it will seek in its anticipated motion for a preliminary injunction. (Pl.'s Mem. Supp. Exped. Disc. [Doc. No. 25] at 1.)

The Federal Rules of Civil Procedure allow courts to permit expedited discovery before the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (stating that "a party may not seek discovery from any source before parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order"). When considering a motion for expedited discovery, courts apply a "good cause" standard or a standard similar to that of a preliminary injunction. Courts within the Eighth Circuit generally apply the "good cause" standard, although the Eighth Circuit has not adopted either standard. *Council on Am.-Islamic Relations-Minn. v. Atlas Aegis, LLC*, No. 20-CV-2195 (NEB/BRT), 2020 U.S. Dist. LEXIS 201288, at *15 (D. Minn. Oct. 29, 2020) (citations omitted). To assess whether good cause exists, the "party requesting expedited discovery must show the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *Urban Armor Gear, Ltd. Liab. Co. v. Does*, No. 8:19CV414, 2019 U.S. Dist. LEXIS 189264, at *4 (D. Neb. Oct. 30, 2019). Particularly in the context of a TRO motion, "[f]urther development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits." *Edudata Corp. v. Sci. Computs., Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984).

The Court finds that Plaintiff has shown good cause for limited expedited discovery. Moreover, as noted, Mr. Saykeo does not oppose the motion. In the context of a TRO, courts have permitted expedited discovery in similar cases involving claims of misappropriation of confidential information and/or the violation of noncompetition agreements. *See, e.g., Nilfisk, Inc. v. Liss*, No. 17-CV-1902 (WMW/FLN), 2017 WL 7370059, at *4 (D. Minn. June 15, 2017) (ordering expedited discovery in case alleging misappropriation of confidential information); *Life Time Fitness, Inc. v. DeCelles*, 854 F. Supp. 2d 690, 695 (D. Minn. 2012) (permitting expedited discovery in context of trade secret misappropriation and violation of noncompetition claims); *Bonus of Am., Inc. v. Angel Falls Servs., LLC*, No. 10-cv-2111 (DSD/FLN), 2010 U.S. Dist. LEXIS 53598 (D. Minn. May 28, 2010) (granting expedited discovery in case alleging violation of noncompete agreements).

Moreover, the Court finds that permitting limited expedited discovery will not unduly prejudice Mr. Saykeo, who has agreed to such limited discovery. A more developed record will assist Plaintiff in determining the scope of its anticipated motion for a preliminary injunction, will permit Mr. Saykeo to more fully respond to such a motion, and will allow the Court to better evaluate the parties' respective arguments.

Accordingly, the Court finds good cause exists and permits expedited discovery as set forth below.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Starkey Laboratories, Inc.'s Motion for Expedited Discovery [Doc. No. 23] is **GRANTED**.

2. Defendant shall respond to the discovery requests attached to the Declaration of Cassandra Merrick in Support of Plaintiff's Motion for Expedited Discovery as Exhibit A [Doc. No. 26-1], including producing all documents requested by such discovery requests, within seven (7) days of this Order. Plaintiff shall also be permitted to depose Mr. Saykeo for five hours no later than August 29, 2025. In addition, Plaintiff is permitted to serve upon third-party Chromatic Inc. the subpoena duces tecum attached to the Declaration of Cassandra Merrick in Support of Plaintiff's Motion for Expedited Discovery as Exhibit B [Doc. No. 26-2].

3. Following the completion of expedited discovery, the Court shall set a briefing schedule for Plaintiff's Motion for Preliminary Injunction.

DATED: July 7, 2025

s/Susan Richard Nelson
Susan Richard Nelson
United States District Court Judge